# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60601
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2014

Lyle W. Cayce
Clerk

NILDA ROSERY FLORES MUNOZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 521 844

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Nilda Rosery Flores Munoz, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal of an order of an immigration judge (IJ) denying her request for asylum, withholding of removal, and protection under the Convention Against Torture. In her petition for review, Flores Munoz argues only that the BIA incorrectly determined that she had not established fear of future

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

persecution entitling her to asylum and withholding of removal on account of her membership in a particular social group based upon her resistance to attempts by a drug gang to recruit her in Honduras.

We review the BIA's order and will consider the underlying decision of the IJ to the extent that it influenced the BIA's determination. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). We review the factual findings, including whether an alien is entitled to asylum, for substantial evidence, and will reverse only if the record compels a different finding. *Id.* To show that she is eligible for asylum, Flores Munoz must establish that she is a refugee, meaning, as relevant here, that she has a well-founded fear of future persecution in Honduras on the basis of her membership in a particular social group. *See* 8 U.S.C. §§ 1101(a)(42)(A); 1158(b)(1)(B)(i); *Sharma*, 729 F.3d at 411.

Though Flores Munoz testified that members of a drug gang who killed her husband sought to recruit her to sell drugs for them and that she feared for her life because she turned down their requests, the evidence that she put forward does not compel the conclusion that Honduran society would view those who resist membership in drug gangs as a particular, visible group. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518-19 (2012). Thus, substantial evidence supports the BIA's determination that Flores Munoz is ineligible for asylum because she is not a member of a particular social group under immigration law. *See id.* at 521-22 (explaining that Salvadoran males between the ages of 8 and 15 who refused to join a pervasive street gang were not members of a particular social group because the purported group was amorphous and Salvadoran society would not perceive individuals with those characteristics as a visible group). Because substantial evidence supports the BIA's denial of asylum, the BIA was correct in determining that Flores Munoz

No. 13-60601

could not meet the higher burden necessary to show eligibility for withholding of removal.  *See Dayo v. Holder,* 687 F.3d 653, 658-59 (5th Cir. 2012).

The petition for review is DENIED.